162 So.2d 613

Chesley PRUET

v.

DUGGER–HOLMES & ASSOCIATES.

1 Div. 160.

Supreme Court of Alabama.

April 2, 1964.

Thornton & McGowin, Mobile, for appellant.

Hamilton, Denniston, Butler & Riddick, Mobile, for appellee.

PER CURIAM.

Suit by appellant in the circuit court of Mobile County against appellee to recover on an indemnity agreement. The trial court, without the intervention of a jury, rendered judgment for the defendant. Plaintiff appeals to review the action of the trial court.

Succinctly stated by appellant, it appears that by letter dated April 12, 1961, Zach Brooks Drilling Company, a partnership composed of Chesley Pruet and Edward L. Erickson, entered into an agreement with defendant whereby the drilling company agreed to drill the Roy W. Johnson #1 well for defendant as a turnkey job. As a part of this letter addressed to defendant, and as a part of the obligations of the defendant, it was provided:

"(1) You agree to pay all over $500.-00 for road and location costs.

"(2) You also agree to pay all surface damages for road and location."

This job was under the supervision of Fred Pickering, an employee and agent of

the drilling company. The Roy Johnson well was on the 40-acre tract west of the Emma Meyer No. 1 well, located on the north 20 acres of a forty, the south half of which was the property of one Williams, with the dividing line being marked by an old ditch.

Pickering sought to locate Mrs. Emma Meyer to obtain permission to construct a road from the service road to the well on her tract, to the Roy Johnson well. He discovered that she was a nonresident, but upon representations of the operator of the Emma Meyer well that Mrs. Meyer "had been very agreeable and he was sure I could deal with her when I located her," he bulldozed the road across what he thought was all her land, to the site of the Roy Johnson well. Pickering testified:

"Well, to start with I was under the understanding that the whole forty belonged to Mrs. Meyer."

He further testified, without objection, that he did not "intentionally trespass on Mr. Williams' property."

Mr. Pickering subsequently located Mrs. Meyer and obtained from her an easement or right of way across the land after paying her an agreed consideration. This satisfaction was made after the road had been bulldozed or built across Mrs. Meyer's land and also across Mr. Williams' land.

Plaintiff and Mr. Williams, through their respective counsel, discussed settlement of damages for trespass on the latter's land, but being unable to reach an agreement, Williams instituted suit against Zach Brooks Drilling Company and the partners, including appellant, and by agreement obtained judgment. Plaintiff had called on defendant to settle the claim and to defend the suit, but got no favorable action. Plaintiff filed his suit to recover on the indemnity agreement. As stated above, the trial court rendered judgment for the defendant.

Defendant contends here that Mr. Pickering was an intentional trespasser on the land of both Mrs. Meyer and of Mr. Williams and for that reason the indemnity agreement, even if broad enough to cover such conduct, cannot be enforced in a court of justice.

It is the contention of appellant that Pickering entered the land of Mr. Williams through mistake and that he was not an intentional trespasser on this area, and is not precluded from recovering under the doctrine of Vandiver & Co. v. Pollak, 107 Ala. 547, 553, 555, 19 So. 180, 182, 54 Am. St.Rep. 118, from which we quote as follows:

"* * * A trespasser, confessing that he has injured or taken the property of another, is not entitled to the assistance of courts, instituted as well for the protection of property as for the protection of persons, to recover indemnity or contribution from his associates in the trespass. The principle has its limitations and exceptions, and must be applied according to its true sense and meaning. A well-recognized limitation or exception, observed by the most approved text writers, and declared in well-considered judicial decisions * * * is that, if there is not a known, meditated wrong; if the parties act bona fide, under the supposition of the entire innocence and propriety of the act,— there is not room or reason for the application of the principle. * * *

* * * * * *

"* * * * '* * * It is only when a person knows, or must be presumed to know, that his act was unlawful, that the law will refuse to aid him in seeking an indemnity or contribution. It is the unlawful intention to violate another's rights, or a willful ignorance and disregard of those rights, which deprives a party of his legal remedy in such cases.'"

The evidence before us shows that Mr. Pickering committed an intentional, meditated trespass on the land of Mrs. Meyer. It is true that he had some assurance from

a total stranger to the title and possession of Mrs. Meyer that the entry thereon with a bulldozer and the construction of a road across her land would be all right. But it does not appear from the evidence that this well driller on Mrs. Meyer's land had any authority to give such assurance; he was without authority to authorize the entry. Mr. Pickering was without lawful justification for the entry on Mrs. Meyer's land. The fact that Mrs. Meyer, after the entry and the construction of the road, accepted a lump sum in settlement of the entry and damages, executed a written grant of an easement attended with legal formalities, did not purge the meditated trespass on her property. Mr. Pickering initiated this intentional trespass on the lands of Mrs. Meyer, and was only mistaken as to the ownership in committing the trespass on the lands of Mr. Williams.

We think the case of Givens v. Kendrick, 15 Ala. 648, supports our conclusion that the conduct of Mr. Pickering is not entitled to the protection of the law. We quote the following from that case:

"In the case of Russell v. Irby, 13 Ala. 131, we held, that if one by mistake, should go beyond his own boundary, and cut down trees, under the impression he was cutting on his own land, although he was liable for damages at common law, yet he did not incur the penalty imposed by the act of 1807.— Clay's Dig. 581. The defendant was excused from the penalty, because he did not intend to commit a trespass, but had done so without intending wrong, or injury to the rights of any one. The case at bar, however, shows, that the defendant intended to commit a trespass on the public, in cutting the trees, but by mistake trespassed on the plaintiff. We can perceive no reason why he should be exempted from the statute penalty. The rights of the public should be regarded by law, with as much care as the rights of an individual; and if the intention had been to commit a trespass on A's land, but by mistake it was committed on the land of B, we could not protect the defendant for his honest intentions, for he intended a trespass. Nor can he claim protection because he intended to trespass on the public, with any more grace, than if he intended to commit the trespass on the land of an individual, but by mistake went on the lands of one, he did not intend to injure. Both his act, and his intention, were tortious, and he cannot claim exemption from the penalty of the statute."

Even though the indemnity agreement in this case be here considered arguendo as broad enough to cover the meditated and intentional trespass here under consideration, we hold that it cannot be enforced in a court of justice. We observed in the case of Prewitt v. Garrett, 6 Ala. 128, as follows:

"The bond in this case was given by the defendants in execution, to indemnify the sheriff against the consequences of levying on and selling the property of a stranger to the judgment and execution, for its satisfaction. This was a promise to indemnify the sheriff against the consequences of a trespass, which he was invited to commit; and, being illegal, no right of action can grow out of it.

"The plaintiff in an execution may indemnify the sheriff for levying on and selling property supposed to belong to the defendant, though out of his possession, and claimed by another; but it is impossible to conceive of a case in which the property of a stranger to the judgment could be sold, at the instance of the defendant in execution, to satisfy the judgment. The indemnity being to save the sheriff harmless against the consequences of an act prohibited by law, cannot be enforced in a court of justice."

We also observed in the case of Fidelity-Phenix Fire Ins. Co. of New York v.

**406**

Murphy, 226 Ala. 226(4), 146 So. 387, as follows:

"* * * There can be no valid insurance coverage which will protect or indemnify the insured or indemnitee against a loss which he may purposely and willfully create, or which may arise from his immoral, fraudulent, or felonious conduct. Such an express contract of insurance or indemnity is void as against public policy. * *"

We think the trial court was correct in his finding, which we infer from his statement in the record that Pickering was guilty of an intentional trespass on the land of Mr. Williams, and also in rendering judgment for the defendant. The judgment is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.