PER CURIAM.
This appeal questions the entry of a judgment which is contrary to a jury verdict.
Public Relations Counsel, Inc. (PRC) filed a complaint in the Circuit Court of Mobile County, Alabama against the City of Mobile, the Mobile Housing Board, and the Mobile Museum Board. PRC sought declaratory relief and monetary damages for fraud and conspiracy to defraud. The action involved title to a parcel of property which was part of an urban renewal project. The record title of the property was held by the Mobile Housing Board. The City of Mobile purported to own the subject property (4-1B) and sold it to PRC for $21,869, and delivered a warranty deed. Subsequently, the Housing Board executed a deed for the same property to the Museum Board. PRC demanded a jury trial and sought to establish that the City of Mobile actually owned the subject property and that the Housing Board held the title in trust for the City. PRC asked the court to vest it with absolute fee simple title to the property and to then declare the deed to the Museum Board null and void. Directed verdicts on behalf of the Museum Board and the Housing Board were granted only as to the fraud and conspiracy charges. The jury’s answer to the interrogatory on the issue of the resulting trust was in favor of the City of Mobile. The jury also rendered a verdict only against the City of Mobile on the fraud count and assessed damages at $3,916.67.
The trial court accepted the verdict and entered judgment. This it could not do. The jury’s answer to the court’s interrogatory is inconsistent with the general verdict for damages. Rule 49, A.R.Civ.P., requires that when an answer to the court’s interrogatory is inconsistent with the jury’s general verdict the court may not enter judgment.
In answer to the court’s interrogatory the jury stated that the Housing Board held title to the property in question in trust for the City of Mobile. Then, the jury returned a general verdict of fraud against the City of Mobile and assessed damages. If the City of Mobile could convey title to the property, it could not be guilty of fraud for conveying property to which it did not hold title. Thus, the general verdict is inconsistent with the interrogatory.
Rule 49(c), A.R.Civ.P., provides that when such inconsistency results the court shall require the jury to reconsider its answer and verdict or shall order a new trial. The trial court did neither, so the entered judgment cannot stand.
The judgment of the trial court is reversed and the cause is remanded so that there can be a new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.