PER CURIAM.
This is an appeal from a summary judgment entered in favor of the City of Mobile (“City”), on one count of a complaint filed by Public Relations Counsel, Inc. (“PRC”).[1] The questions presented for review are whether the trial court properly converted the City’s motion to compel an election of remedies into a motion for summary judgment, and if so, whether that motion was properly granted.
This appeal arose from an attempt by PRC to buy a small strip of property from the City to use as parking spaces for its business located in downtown Mobile. The City deeded the property to PRC in 1982, but the Mobile Housing Board deeded the same property to the Mobile Museum Board in 1985, denying that the City had held title or had otherwise had the right to transfer the property.
That property, and the property surrounding it, had previously been owned by the Department of Housing and Urban Development (“HUD”). After the City expressed interest in purchasing two parcels of the property owned by HUD, designated as parcels 4-1 and 6-1, the Mobile Housing Board contacted HUD and relayed the City’s offer. James R. Alexander, the executive director of the Housing Board, wrote a letter to HUD stating that the City wished to buy the property, and would be willing to pay $115,000 for it.[2] That letter and subsequent correspondence between the Housing Board and HUD unambiguously indicate that the City was to be the purchaser of the property.
HUD accepted the City’s offer to buy, and the City gave the Housing Board a check for $115,000. In a letter to the may- or and commissioners of Mobile, dated February 3, 1978, Alexander advised the City to tender the check to the Housing Board, and stated that the Board would “handle the paper work with HUD and obtain title to the property.” That letter clearly indicates that the property was to be purchased for the City’s benefit, as is demonstrated by the following language:
“This will be handled the same way we handle all property transactions for the City.
“When [the purchase] is concluded, we will deed whatever part the City wants directly to the City. The remaining property can then be sold at a price established by the City. All proceeds from the sale will be returned to the City.”
The Housing Board then paid HUD and obtained title to the property. It appears that title to the parcels of land was never transferred to the City.
In 1981 the Commissioners of the City instructed the Housing Board to determine the value of a portion of parcel 4-1 and then to negotiate the sale of that portion to PRC for use as parking space. On October 5, 1982, the City adopted Resolution No. 23-804, wherein the City stated that it was transferring title to the property from the Housing Board to the City, and ordered the portion of parcel 4-1 that is the subject of this dispute, hereinafter designated parcel 4-1B, sold to PRC for $21,869. On October 8, 1982, PRC gave a check for that amount to the City and the City executed a warranty deed conveying parcel 4-1B to PRC. That deed warranted that the City was in lawful possession of the property and was free to convey it. The deed was executed by Gary A. Greenough, then mayor of the City. PRC took possession of the property immediately and began paying the taxes due.
In May 1985, the Housing Board executed a warranty deed that purported to convey all of parcel 4-1, including parcel 4-1B, to the Mobile Museum Board. PRC filed a complaint soon thereafter, seeking declaratory relief, asserting claims of fraud against the City, and asserting claims of *80 fraud and conspiracy against the Housing Board and the Museum Board. The first count sought declarations, inter alia, that the Housing Board had held title in trust for the City and that PRC held fee simple title to parcel 4-1B. At trial, PRC contended that the Housing Board had been holding title to the property in a resulting trust for the City. At the close of all the evidence, the trial court directed a verdict in favor of the Housing Board and the Museum Board on the fraud and conspiracy claims, but submitted the fraud claim against the City and the resulting trust claim to the jury. The jury returned a verdict against the City on the fraud claim and found that the Housing Board held parcel 4-1 in a purchase money resulting trust with the City as the beneficial owner at the time of the sale to PRC. The trial court adopted the jury’s verdict on the fraud claim, but declined to adopt its verdict regarding the resulting trust claim. The trial court noted that PRC’s two theories of recovery, fraud and resulting trust, were inconsistent. However, the court also noted that neither party had raised the question of inconsistency and held that the defendants were therefore estopped from raising any objection to the plaintiff’s failure to elect a remedy. Nonetheless, the trial judge held that PRC had failed to establish a resulting, trust with respect to parcel 4-1 and that title to that parcel was vested in the Museum Board.
That judgment was appealed to the Court of Civil Appeals. Public Relations Counsel, Inc. v. City of Mobile, 519 So.2d 1366 (Ala.Civ.App.1987). That court reversed the judgment, holding that the jury’s verdict against the City on the fraud claim was inconsistent with its verdict on the resulting trust claim. The Court of Civil Appeals relied on Rule 49(c), Ala.R. Civ.P., which provides that when such an inconsistency occurs, the court must require the jury to reconsider its answer and verdict or order a new trial. Because the trial court did neither, the Court of Civil Appeals reversed the judgment on the fraud claim and remanded for a new trial on all of the issues raised at the first trial. Public Relations Counsel, supra, at 1367.
The judgment of the Court of Civil Appeals was not presented to this Court for review by petition for writ of certiorari. Although we express no opinion on the correctness of that court’s characterization of the case and its holding, we recognize that its judgment ordering a new trial on all issues determined the posture of this case on remand.
On remand, the City filed a motion to compel PRC to elect a remedy. The trial judge treated that motion as a motion for summary judgment on the issue of resulting trust. Although the City’s motion and brief did not address the sufficiency of the evidence presented by PRC, the trial judge reviewed the transcript of the testimony at the first trial, entered summary judgment (in favor of the City on that issue) and set a trial date for PRC’s fraud claim against the City. The trial court’s order did not address PRC’s claims against the Housing Board and the Museum Board. The order was entered without first giving PRC notice of the trial judge’s conversion of the City’s election-of-remedies motion into a summary judgment motion or an opportunity to present evidence in opposition. PRC then filed a Rule 59(e), Ala.R.Civ.P., motion with a supporting brief. The trial judge set aside that summary judgment, but later issued a second order reinstating it. It is from that judgment that PRC appeals.
The trial court erred in converting the City’s motion to compel an election of remedies into a motion for summary judgment.[3] The purpose of Rule 56, Ala.R. Civ.P., is to avoid trials where no genuine issues of fact have been raised. Donald v. City Nat’l Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). Thus, a Rule 56 motion allows the trial court to test the sufficiency of the evidence presented so as to determine if any real issues exist. Garrigan v. Hinton Beef & Provision Co., 425 *81 So.2d 1091 (Ala.1983). Similarly, a motion to dismiss under Rule 12(b)(6), A.R.Civ.P., tests the sufficiency of the pleadings to determine if the plaintiff has stated a claim upon which relief can be granted, and in ruling on such a motion, the trial court’s examination is limited to the pleadings. Hales v. First Nat’l Bank of Mobile, 380 So.2d 797 (Ala.1980). If the court considers matters outside the pleadings, a Rule 12(b)(6) motion is deemed converted into a motion for summary judgment, whether or not the motion is so denominated. Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978), appeal after remand, 385 So.2d 966 (Ala.1980). If a Rule 12(b)(6) motion is so converted, “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Rule 12(b).
Summary judgment can be properly entered only when the motion itself presents an opportunity to judge the merits of the case. McMillon v. Hunter, 439 So.2d 153, 154 (Ala.1983). The City’s motion was not even a Rule 12(b)(6) motion; it simply called for an election of remedies.
The doctrine of election of remedies comes into play when a plaintiff attempts to recover under two or more theories that are repugnant or are inconsistent with one another. Elliot v. Vance, 239 Ala. 180, 194 So. 515 (1940). Because a motion to compel the plaintiff to elect a remedy does not present an opportunity to judge the merits of any of the potentially inconsistent theories of recovery, it can not be converted into a motion for summary judgment. In McMillon, supra this Court reversed a summary judgment for a third-party defendant, holding that a third-party complaint that did not arise out of the same transaction or occurrence as did the original complaint was jurisdictionally defective. However, that defect justified only a dismissal without prejudice and, therefore, the third-party defendant’s motion would not support a summary judgment.
Arguably, the courts error in converting the motion was rendered harmless by the fact that PRC filed a motion for reconsideration and thereby effectively had the opportunity to present its evidence and arguments in opposition to summary judgment on the resulting trust issue. Even if such an error could be harmless in any case, it was not in this case, for the following reasons. The original complaint was filed on May 31, 1985. Therefore, PRC would have needed to present only a scintilla of evidence to defeat a motion for summary judgment.[4] The record contains correspondence from James Alexander, the executive director of the Housing Board, to the mayor and city commissioners, indicating that the Housing Board was acting as the City’s agent when it purchased parcels 6-1 and 4-1 from HUD. In addition, items of correspondence between Alexander and HUD also discuss the purchase of the property as a purchase that was to be made on the City’s behalf. PRC called the trial court’s attention to that correspondence in its Rule 59(e), Ala.R.Civ.P., motion and therefore met its' burden by showing at least a scintilla of evidence creating a triable issue of fact. Hutchins v. State Farm Mutual Automobile Insurance Co., 436 So.2d 819 (Ala.1983).
The judge who presided over the jury trial ruled that PRC had failed to establish a resulting trust because James Alexander testified that the Housing Board had repaid the City the $115,000 paid for the property before the warranty deed for parcel 4-1B was executed, thereby ending any possible resulting trust. However, there was testimony presented that indicated that the $115,000 paid to the City was proceeds from the sale of parcel 6-1; proceeds that the Housing Board apparently was obligated to return to the City after the sale, either by the terms of its letter dated February 3, 1978, or by statute.[5] Also, Resolu *82 tion No. 23-804, passed by the City more than two years after it had received that payment, indicated that the City deemed itself to retain its ownership interest in the property, notwithstanding the payment from the Housing Board. In sum, this case as postured presents evidence on the issue of a resulting trust on which reasonable people could reach different conclusions, and summary judgment therefore would have been inappropriate had a summary judgment motion been properly presented. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App.1985).
For the reasons stated above, the judgment of the trial court is reversed and this case is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.

. PRC’s complaint also named the Mobile Housing Board and the Mobile Museum Board as defendants. The court made the summary judgment for the city final pursuant to Rule 54(b), Ala.R.Civ.P.

. That figure did not represent the market value of the property. Instead, it was based on the amount of money the federal government had invested in it. Testimony indicated that $115,-000 was approximately one-half the value of the two parcels of land.

. Although PRC does not specifically raise that conversion as an issue, a discussion of it is necessary to resolve the issues that are raised.

. Actions that were pending on June 11, 1987, are tried under the "scintilla of evidence" rule. Ala.Code 1975, § 12-21-12.

. The Mobile Housing Board was created pursuant to the Housing Authorities Law, Ala.Code 1975, §§ 24-1-20 et seq. Section 24-l-27(a)(15) requires the Housing Board to pay over to the City all proceeds received from the sale of real property, except in certain instances. Whether the sale of parcel 4-1 or 6-1 falls under one of *82 those exceptions is an additional question of fact that would make summary judgment inappropriate.