On Application for Rehearing
The opinion released on October 15, 1993, is hereby withdrawn and the following opinion is substituted.
This lawsuit arose out of the repossession of a tractor-trailer truck owned by the plaintiff Temple Willett, Jr. Price-Williams Associates, Inc., and Tom Price-Williams, defendants, appeal from a judgment entered on a jury verdict awarding Willett $196,000 in damages in connection with the repossession of the tractor-trailer after he fell behind in payments on a promissory note secured by the tractor-trailer. We reverse and remand.
Willett filed his original complaint with the Circuit Court of Mobile County on June 21, 1991, against defendants Price-Williams Associates, Inc., Tom Price-Williams ("Price-Williams"), and Magna Bank of Madison County, Illinois ("Magna Bank"), which held the promissory note secured by the truck and which appointed Price-Williams to repossess it. In his complaint, as amended, Willett alleged fraud, wrongful repossession, conversion, negligence, wantonness, and trespass against Price-Williams Associates; Tom Price-Williams, individually; and Magna Bank. Willett alleged that Price-Williams acted as an agent for Magna Bank in the repossession of Willett's tractor. Price-Williams answered that the repossession had been lawful and peaceful and that Willett had been behind in his payments. Price-Williams also asserted a written indemnity agreement with Magna Bank and a general release executed by Willett. Willett filed for bankruptcy relief on February 3, 1992, and Richard Nelson, trustee of Willett's bankruptcy estate, was added as an additional plaintiff on May 15, 1992.
The evidence reflects that Willett earns his living as a tractor-trailer driver. To secure a promissory note, Willett gave Magna Bank a security interest in his tractor-trailer. On April 19, 1991, the loan secured by the tractor-trailer was in default. Magna Bank retained Price-Williams to repossess the tractor and trailer. Magna Bank agreed to indemnify Price-Williams for all claims resulting from the repossession except those caused by "unauthorized acts of Price-Williams."
Price-Williams learned that Willett was due in at a job site in Mobile on April 19, 1991, and he went there to await Willett's arrival. When he arrived, Willett was driving the tractor securing the loan, but the attached trailer was not the trailer securing the loan. Either through a mistake of his own, or in response to directions supplied by Price-Williams, Willett ended up on the site, but at an area away from the main office. Price-Williams offered Willett a ride back to the office. While Willett was in the office, Price-Williams returned to where Willett had parked the tractor-trailer and towed the tractor and trailer away. Price-Williams admitted at trial that he realized the trailer he towed was not the trailer he was authorized to repossess, and the trailer, with its load, was released later that day or the next day. *Page 1018 
Willett claimed that, as a result of learning the tractor and trailer were gone, he was upset and suffered a hemorrhage, although he did not seek medical attention. Willett also claims that as a result of the repossession, his tractor was damaged; that he was without the trailer he was hauling, his trucking equipment, and personal belongings; that he lost a hauling contract; and that he was not paid for the trip that was disrupted by the repossession.
On May 6, 1991, Willett met with officers of Magna Bank and discussed his version of the repossession and agreed with the bank to make a new promissory note. After taking the new note, but before authorizing the return of Willett's tractor, Magna Bank prepared a release, which Willett signed, releasing Magna Bank, its predecessors, successors, and assigns from all claims in connection with the repossession. In addition, Magna Bank paid Willett $3,400, representing $200 per day for 17 days of lost work.
On November 25, 1991, Price-Williams moved for a summary judgment, contending that the release discharged all parties because it did not expressly reserve any cause of action and that it released them as to all injuries and damage sustained as a result of the repossession. This motion was denied. On April 21, 1992, Price-Williams Associates, Inc., and Tom Price-Williams filed a cross-claim against Magna Bank, citing the indemnity agreement and claiming that they had impounded the truck and trailer on the direct authority of Magna Bank.
There were two jury trials in this case. At the first trial, in June 1992, Price-Williams moved for a directed verdict, which the court granted only as to the claim alleging negligence. At the close of the first trial, the judge submitted eight special interrogatories to the jury, along with a general verdict form. The jury answered six of the eight interrogatories, but could not unanimously answer the remaining two, nor could the jury return a unanimous general verdict. The interrogatories and answers were as follows:
 "1. Was the note held by the Magna Bank and secured by a lien on the tractor in question in default on April 19, 1991?
_X_ yes ___ no
 "2. Was Price-Williams Associates, Inc. and its employee Tom Price-Williams, in regard to the repossession, acting as an independent contractor for the Magna Bank?
___ yes _X_ no
 "3. Was the repossession of the tractor accomplished by trick or fraud?
_X_ yes ___ no
 "4. Did the tractor in question sustain physical damage as a result of the repossession?
_X_ yes ___ no
 "5. If your answer to 4 is yes, state the monetary damage sustained. $ __________. [left blank]
 "6. Was the release signed by the [sic] Temple Willett, Jr. procured by fraud on behalf of the Magna bank?
___ yes _X_ no
 "7. Did the Magna Bank authorize Price-Williams Associates, Inc. and/or Tom Price-Williams, either expressly or impliedly, to take possession of the personal property in question by fraud or trick?
___ yes ___ no [left blank]
 "8. Was Tom Price-Williams and Price-Williams Associates, Inc. parties intended to be released and was the release of Tom Price-Williams and Price-Williams Associates, Inc., within the contemplation of the parties at the time the release was signed?
___ yes _X_ no"
After the jury failed to return unanimous answers to all interrogatories or to reach a general verdict, the trial judge declared a mistrial as to any remaining issues. At that point, both the attorney for Willett and the attorney for Price-Williams Associates and Tom Price-Williams requested that a mistrial be declared as to all issues and all parties, and asserted a right to a new trial as to all issues and all parties. The only response recorded in the record on this request was entered on June 12, 1992: "Jury returned answers to special interrogatories 1, 2, 3, 4, 6 8. The jury could not return a unanimous answer to 5 7. The jury could not reach a unanimous verdict and a mistrial was declared *Page 1019 
as to any remaining issues. Jury discharged."
The record indicates that the judge interpreted the jury's answers to the interrogatories to mean that the jury reached a determination of liability, but could not determine the amount of damages.
On the basis of the jury's answers to the interrogatories, the defendant Magna Bank moved for the entry of a judgment in its favor after the first trial. The motion was granted on September 11, 1992, and a judgment was entered in Magna Bank's favor on the issue of its liability to indemnify Price-Williams Associates and Tom Price-Williams. We affirm the judgement on this indemnity issue. "Agreements that purport to indemnify another for the other's intentional conduct are void as a matter of public policy." City of Montgomery v. JYD Intern.,Inc., 534 So.2d 592, 594 (Ala. 1988); see Pruet v. Dugger-Holmes Associates, 276 Ala. 403, 162 So.2d 613 (1964). Therefore, even if Magna Bank did authorize Price-Williams to use trick or fraud in the repossession, the bank would not be liable to indemnify Price-Williams for such actions because they were intentional and wrongful and if the indemnity agreement was intended to cover such actions, it would be void as against public policy. See Craig Constr. Co. v. Hendrix, 568 So.2d 752,756 (Ala. 1990); Brown Mechanical Contractors, Inc. v.Centennial Ins. Co., 431 So.2d 932 (Ala. 1983). The agreement was part of a letter and consisted of the following:
 "We are handling this assignment with the express understanding and condition that you agree to indemnify, protect, defend and save us harmless from and against any and all claims, damages, losses and actions arising from or resulting from our efforts to accommodate you, except such as may be caused by the unauthorized acts by us, our agents, representatives or employees (emphasis in original)."
In any case, the second trial was held only on the issue of the amount of damages and only with regard to Willett, Price-Williams Associates, and Tom Price-Williams. The jury returned a verdict, and a judgment was entered in favor of Willett in the amount of $196,000. Price-Williams Associates and Tom Price-Williams appeal from this judgment. Willett and Richard F. Nelson, as trustee of the bankruptcy estate of Temple Willett, Jr., cross-appeal, arguing that if the trial court erred in entering a judgment in their favor, then that error mandates reversal of the judgment in favor of the defendant Magna Bank and reversal of the entire case.
The issue before the Court is whether it was error to order a second trial solely on the issue of damages and only against Price-Williams Associates and Tom Price-Williams. We affirm in part and reverse in part.
Rule 49(c), Ala.R.Civ.P., provides in relevant part: "When the answers [to the written interrogatories] are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." (Emphasis added.)
The record shows that the first trial judge returned the jury for further consideration a number of times, but that the jury was still unable to answer interrogatories 5 and 7 and was also unable to reach a general verdict. The answers to the interrogatories indicate that the jury found fraud and found damage to the tractor, but the jury did not award any amount in damages. Not only are the answers to the interrogatories themselves inconsistent, but also no general verdict was reached.
Rule 49(c) requires the judge either to return the jury for further consideration or to order a new trial, when the answers to the interrogatories are inconsistent with the general verdict. The trial judge did declare a mistrial as to remaining issues and a new trial was held, but only as to damages. In this he erred. A "new trial" under Rule 49(c) means a new trial as to all issues. See Public Relations Counsel, Inc. v. City ofMobile, 519 So.2d 1366, 1367 (Ala.Civ.App. 1987).
Rule 59(a) likewise addresses new trials: "A new trial may be granted to all or any of the parties and (1) on all of theissues in an action where there has been a trial by jury, forany of the reasons for which new trials *Page 1020 
have heretofore been granted in actions at law in the courts of Alabama." (Emphasis added.) The rule is not prefaced by words such as "on motion for new trial by one of the parties" or by any other words that would limit its application. It, too, requires a new trial as to all parties and all issues in this case. Thus, it was error to hold the second trial only as to the issue of damages.
For the reasons stated above, the summary judgment in favor of Magna Bank on the issue of their liability to indemnify Price-Williams Associates and Tom Price-Williams is affirmed, however the judgement on the remaining issues including whether the note was in default, whether the release signed by Willett was valid and whether it was intended to cover Price-Williams Associates and Tom Price-Williams are reversed and the cause remanded for a new trial. The judgment against Price-Williams Associates and Tom Price-Williams is reversed and the cause remanded for a new trial.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED.
1920772 — REVERSED AND REMANDED.
1920838 — AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.