Hestle B. Blackwood filed a worker's compensation claim against Alabama Power Company for injuries he allegedly sustained in an "on-the-job accident" at Alabama Power Company's Gorgas Plant in Walker County, Alabama. He also sued co-employees Troy L. Davis, Jr., Davis E. Clement, Jimmy W. Cook, Jon Michael Craddock, Joseph W. Martin, and Danny L. Vines, for damages based on injuries arising out of the same accident.[1] The court dismissed the claims against the co-employees pursuant to Rule 12(b)(6), Ala.R.Civ.P., and made the dismissal final pursuant to Rule 54(b), Ala.R.Civ.P. Blackwood appeals. We affirm.
In reviewing a motion to dismiss, the trial court must construe all allegations of the complaint in the light most favorable to the plaintiff, resolving all doubts in the plaintiff's favor. See Morton v. Prescott, 564 So.2d 913
(Ala. 1990). However, if the allegations of a complaint, even if proven, would not support a claim that would entitle the plaintiff to relief, dismissal is appropriate. Id.
The complaint in this case, when viewed in the light most favorable to Blackwood under the applicable standard of review, suggests the following:
While working in the line and scope of his employment with Alabama Power Company, Blackwood was checking fire extinguishers in old units No. 4 and No. 5 at the Gorgas Plant. The lights in those units were off. Blackwood was working his way down the stairwell of one of the units when, on the third step from the bottom, the heel of his shoe caught and he fell, sustaining injuries.
According to Blackwood, the co-employees willfully and intentionally decided to turn the lights off in the units of the plant where he was working and, at the same time, they required him to periodically perform his duties in those unlit areas. Furthermore, says Blackwood, the co-employees did not provide him flashlights to use as temporary safety devices on those occasions when he was required to work in those unlit units. He sued the co-employees under Ala. Code 1975, §25-5-11(b), alleging that "[the co-employees'] willful and/or intentional failure to have adequate lighting in old units No. 4 and No. 5 of the plant was the practical equivalent of failing to provide a safety device for [him] with knowledge of the danger to [him] in those areas" and "as a proximate cause and result of [the co-employees'] conduct, [he] was caused to catch the heel of one of his shoes on a stair in an unlit stairwell and fall, which caused [him] permanent injuries and damages. . . ."
Section 25-5-11(b) grants employees a cause of action for injuries resulting from the "willful conduct" of their co-employees. Section 25-5-11(c)(1) defines "willful conduct" in terms of a "purpose or intent or design to injure another." Section 25-5-11(c)(2) defines "willful conduct" as "the willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal." See Reed v. Brunson, 527 So.2d 102, 119-21
(Ala. 1988), for an in-depth discussion of § 25-5-11(c)(1) and (c)(2).
Although the allegations indicate that the co-employees may have been negligent in turning off the lights in the units where Blackwood was working, there were no allegations that the co-employees' alleged failure to provide adequate lighting constituted "willful conduct" under § 25-5-11(c)(1) — no allegations that any of the co-employees set out purposely, intentionally, or by design to injure Blackwood. Had these allegations been included in the complaint, we would have been required under our standard of review to reverse the dismissal and remand the case for the presentation *Page 888 
of evidence. Furthermore, the co-employees' alleged failure to provide adequate lighting does not constitute the removal of, or failure to install, a safety device or safety guard provided by manufacturers of machines, within the meaning of §25-5-11(c)(2). Moore v. Reeves, 589 So.2d 173 (Ala. 1991), andWilliams v. Price, 564 So.2d 408 (Ala. 1990), cited by Blackwood as authority for this claim are clearly distinguishable.
The trial court properly dismissed Blackwood's claim against the co-employees.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Davis was in safety supervision; Clement was plant manager; Martin was operations/support manager; Vines was support manager; Cook was operations manager; and Craddock was in supervision.