RICHARD L. HOLMES, Retired Appellate Judge.
Thomas E. Longmire filed a complaint against Roland W. Howell, seeking the return of $2,096.10 in U.S. currency, which had been seized at the time of Longmire’s arrest on March 2, 1990. Howell is a police officer for the City of Bay Minette, Alabama. In his *917 complaint Longmire alleged that forfeiture proceedings had not been instituted, as required by statute.
Howell filed a motion to dismiss, wherein he alleged that the present ease was precluded by Ala.Code 1975, § 6-5-440, because a ease had been previously filed by Longmire (Longmire v. Howell, et al., CV-94-03) and was currently pending before the Circuit Court of Baldwin County, Alabama. The pleadings from CV-94-03 were attached to the motion to dismiss.
The trial court granted the motion to dismiss.
Longmire appeals. We affirm.
Our review of the record reveals that in both the present case and CV-94-03, the pleadings allege that when Longmire was arrested on March 2, 1990, Howell seized $2,096.10 in U.S. currency. The pleadings in both cases state that there were no forfeiture proceedings instituted, as required by statute, and that Howell has a duty to return the property to Longmire. Therefore, it appears that both of the lawsuits arose out of the same occurrence and involve the same parties.
Section 6-5-440 provides in pertinent part:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case ... the pendency of the former is a good defense to the latter if commenced at different times.”
In view of the foregoing, the trial court did not err when it granted Howell’s motion to dismiss.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.