YATES, Judge.
Arthur L. Walker, Jr., appeals from the dismissal of his claims against Norfolk Southern Railway Company (“Norfolk”) seeking compensation for aggravation of an existing injury and damages for' negligent infliction of emotional distress. The claims were brought under the Federal Employers’ Liability Act (FELA), 45 U.S.C. § 51 et seq. Walker also appeals from the dismissal of his state-law claims alleging fraud and the tort of outrage against Norfolk and two of its agents, Richard S. Hayth[1] and W.K. Bice.
After being injured in a work-related automobile accident, Walker was unable to perform his previous job duties; he requested Norfolk to provide him with alternative employment suitable to his physical limitations. Norfolk invited Walker to interview with Bice for a position as an “extra board clerk.” While interviewing for this position on August 24, 1994, it became apparent to Walker that he would be unable to perform the duties required of a clerk. Walker’s attorney later informed Norfolk that Walker would not accept the position.
On October 16,1995, Walker sued Norfolk, Hayth, and Bice, alleging: (1) that during the interview Norfolk had caused him to suffer an aggravation to an existing injury; (2) that Norfolk had negligently inflicted emotional distress upon him by requiring him to inter *1197 view for the clerk position; (3) that Norfolk, Hayth, and Bice had fraudulently induced him to interview for the position; and (4) that the acts of Norfolk, Hayth, and Bice in regard to the interview constituted outrageous conduct.
Norfolk, Hayth, and Bice moved the court to dismiss the complaint under Rule 12(b)(6), Ala. R. Civ. P., and under § 6-5-440, Ala. Code 1975.[2] On January 26, 1996, the court dismissed Walker’s complaint, stating:
“This matter came before the court on the motions to dismiss filed by defendants. During arguments, plaintiff conceded that case is to be dismissed against individual defendants, Richard S. Hayth and W.K. Bice. After review of the pleadings and review of case, motion to dismiss is granted in favor of Norfolk Southern Railway Company; case therefore is dismissed as to all defendants. Costs taxed to plaintiff.”
Walker appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Contrary to the judgment, Walker asserts that he did not consent to the dismissal of the claims against Hayth and Bice. Nothing in the record supports this assertion. A transcript of the hearing on the motion to dismiss is not contained in the record. We, therefore, pretermit any discussion of Walker’s arguments concerning reversal of the dismissal of the claims against Hayth and Bice.
Because the court’s judgment does not disclose the grounds upon which it dismissed Walker’s complaint, we will address the effect of both § 6-5-440 and Rule 12(b)(6) upon the complaint.
Section 6-5-440 provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.”
The term “courts of this state” includes the federal courts within Alabama. Ex parte Myer, 595 So.2d 890 (Ala.1992). Whether § 6-5-440 applies depends on whether a judgment in one action would be res judicata as to the other. Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963). The test for determining the application of the doctrine of res judicata is whether the issues in the separate actions are the same and whether the same evidence would support a recovery in each action. Id. Under § 6-5-440, an action may be dismissed[3] only if the plaintiff has a separate action pending against the same defendant and based on the same cause of action. Shepherd v. Maritime Overseas Corp., 614 So.2d 1048 (Ala.1993).
The complaint filed in the federal court alleged that Walker, while acting within the scope of his employment, was injured in an automobile accident. He sought recovery under FELA. The complaint filed in the state court asserted several theories of recovery, all of which related to an alleged subsequent aggravation of that injury. In addition to a claim alleging an initial injury, claims alleging aggravation of an existing injury, negligent infliction of emotional distress, and the tort of outrage are cognizable under FELA. See Chatham v. CSX Transp., Inc., 613 So.2d 341 (Ala.1993); Kichline v. Consolidated Rail Corp., 800 F.2d 356 (3d Cir.1986); Miller v. Erie Lackawanna Ry. Co., 645 F.2d 140 (2d Cir.1981); Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Abate v. Southern Pacif *1198 ic Transp. Co., 993 F.2d 107 (5th Cir.1993)(citing Janelle v. Seaboard Coast Line R.R., 524 F.2d 1259 (5th Cir.1975)). A claim of fraud is, of course, cognizable under state law. The pleadings in the two actions do not indicate that the issues in the two cases are the same or that the evidence necessary to support a recovery in the federal action would be necessary in the state action. We note specifically that the injury alleged in the federal complaint and the injuries alleged in the state complaint occurred at different times and places and involved primarily different persons. Accordingly, § 6-5-440 is not a proper grounds for dismissing Walker’s complaint filed in the state court.
We now examine Walker’s complaint to determine whether the court properly dismissed it under Rule 12(b)(6). A dismissal under Rule 12(b)(6) is appropriate where the allegations of the complaint, even if proven, would not support a claim entitling the pleader to relief. Blackwood v. Davis, 613 So.2d 886 (Ala.1993).
The first claim, which sought recovery from Norfolk under FELA, alleged that Norfolk’s actions had led to the aggravation of Walker’s existing injury. From the face of the complaint, it appears that the allegations in the complaint, if proven, would support a claim entitling Walker to relief. The court, therefore, erred in dismissing that claim.
The second claim, which also sought recovery from Norfolk under FELA, alleged negligent infliction of emotional distress arising from the circumstances surrounding the aggravation of Walker’s knee injury. Negligent infliction of emotional distress is a cognizable claim under FELA in limited circumstances. Gottshall, supra. When these claims are brought against a railroad under FELA, the “zone of danger” test applies. Id. Under that test, one must plead and prove that he had been within a zone of danger created by the railroad’s negligence when he suffered the emotional distress, i.e., that he had sustained a physical impact or that he had been placed in immediate risk of physical harm by the railroad’s negligence when the emotional shock occurred. Id. From the face of the complaint, it appears that the allegations contained in the complaint, if proven, support a claim of negligent infliction of emotional distress. The court, therefore, erred in dismissing that claim. We stress that our standard of review prevents us from making any determination as to whether the facts support this claim.
The third claim, which sought recovery under state law, alleged that Norfolk had fraudulently induced Walker to interview for the clerk position. After reviewing the pleading, we conclude that Walker’s allegations, if proven, would entitle him to relief under state law. The court, therefore, erred in dismissing Walker’s fraud claim against Norfolk.
The fourth claim sought recovery from Norfolk for the tort of outrage, under state law. FELA preempts state law claims alleging the tort of outrage. Abate, supra. Therefore, a claim of outrage against a railroad may be brought only under FELA. Id. Walker’s complaint asserted only state law grounds for this claim. Accordingly, his allegations, if proven, would not entitle him to relief. The court properly dismissed that claim under Rule 12(b)(6).
The judgment is affirmed in regard to the dismissal of all claims against Hayth and Bice and the dismissal of the claim against Norfolk alleging the tort of outrage. The judgment is reversed in regard to the dismissal of the claims against Norfolk alleging aggravation to an existing injury, negligent infliction of emotional distress, and fraud, and the case is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN and CRAWLEY, JJ., concur in part and dissent in part.

. It is not clear from the record what Hayth’s position is with Norfolk or how he played a- role in the events alleged by Walker to have occurred.

. On December 9, 1994, more than 10 months before filing his complaint in the state court, Walker had sued Norfolk in the United States District Court for the Northern District of Alabama, Southern Division, claiming relief under FELA for injuries he had suffered in the automobile accident. The federal court entered a summary judgment in favor of Norfolk on December 19, 1995. The United States Court of Appeals for the Eleventh Circuit affirmed the district court’s judgment. See Walker v. Norfolk Southern Railway Company, 100 F.2d 971 (11th Cir.1996) (per curiam).

. The fact that the pleadings and submissions from the prior pending action were submitted with the motion to dismiss does not convert that motion to a motion for a summary judgment. See, e.g., Longmire v. Howell, 650 So.2d 916 (Ala.Civ.App.1994).