735 So.2d 472 (1998)
Judith P. SWEENEY, as administratrix of the estate of Charles Kenneth Sweeney, deceased
v.
CSX TRANSPORTATION, INC.
2970585.
Court of Civil Appeals of Alabama.
June 19, 1998.
Rehearing Denied July 24, 1998.
*473 Frank O. Burge, Jr., of Burge & Wettermark, P.C., Birmingham; and William W. Talley of Talley & Talley, Scottsboro, for appellant.
Stephen A. Rowe, David W. Spurlock, and John B. Talley, Jr., of Lange, Simpson, Robinson & Somerville, L.L.P., Birmingham, for appellee.
MONROE, Judge.
Judith P. Sweeney, as administratrix of the estate of Charles Kenneth Sweeney, sued CSX Transportation, Inc. ("CSX"), under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, alleging negligence, negligent assignment, and negligent infliction of emotional distress. Mrs. Sweeney also alleged that CSX's negligent acts had caused the death of her husband Charles Kenneth Sweeney. The trial court entered a summary judgment in favor of CSX. Mrs. Sweeney appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A summary judgment is properly entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to produce substantial evidence in support of its position and creating a genuine issue of fact. § 12-21-12, Ala.Code 1974; Chatham v. CSX Transportation, Inc., 613 So.2d 341 (Ala.1993). "Substantial evidence" has been defined as "evidence of such weight *474 and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
Many of the material facts are undisputed. CSX and Mrs. Sweeney both submitted the affidavit of Rodney M. Gray. Gray is a CSX employee; he was working with Sweeney on January 4, 1994, the day that Sweeney died. Gray and Sweeney made up a two-man crew on a train bound to Nashville, Tennessee, from Chattanooga, Tennessee. Their first stop after leaving Chattanooga was in Bridgeport, Alabama, where they were to pick up 6 cars. They unhitched the 50 or 60 cars making up their train and left them on another track before picking up the 6 cars. The cars left on the other track rolled back and collided with another train on the main track, causing the moving train to derail. At the time of the collision, Sweeney was in the locomotive of their train; the locomotive was approximately 4,500 feet from the point of impact of the collision and was not connected to the cars involved in the collision. Sweeney and Gray waited for the investigation to take place, and approximately three hours after the collision occurred Sweeney was asked to walk to the CSX office. He apparently walked a few car lengths and suffered a fatal heart attack.
In opposition to CSX's motion for a summary judgment, Mrs. Sweeney submitted several affidavits. In her own affidavit, she stated that Sweeney had been fired from his position as CSX's drug and alcohol abuse counselor. He had threatened to sue CSX, because, he contended, he had been fired so that CSX could hire a younger person to take his place. On May 15, 1993, a few months after he was fired, CSX rehired Sweeney and placed him in the position of locomotive engineer. Mrs. Sweeney also stated that her husband had had four heart attacks before May 15, 1993, and that CSX did not conduct a cardiac examination on him before assigning him to this new position. She also stated that he had worked well over 40 hours a week for several months preceding his fatal heart attack. Attached to her deposition were her husband's medical records, showing that he had had a quadruple by-pass operation in 1984; a heart attack in 1987; and continuing treatment for heart disease and hypertension. According to Mrs. Sweeney's affidavit, her husband had had heart attacks in 1984, 1987, and 1991, and had also had a heart attack sometime before his 1984 attack.
Mrs. Sweeney also submitted the affidavits of George Spence, Charles Latimer, and Richard Taylor. They stated that being a locomotive engineer is a very stressful position under normal circumstances and that it becomes even more stressful when there is a derailment. They also stated that it was commonly known that CSX's policy, after a derailment, was to fire the locomotive engineer and conductor of the train involved, regardless of who was at fault. Spence stated that Sweeney was obviously in poor health when he returned to work as a locomotive engineer in May 1993, and that, despite having doctors on its payroll, CSX failed to have a stress test conducted on Sweeney before assigning him to this position. Latimer, a locomotive engineer who has worked for CSX for 29 years, stated that not giving Sweeney a stress test before assigning him to the position of locomotive engineer was contrary to CSX's custom and practice. Latimer, who is also the local chairman of the union grievance committee, stated that another CSX employee had been fired for not informing the railroad of his heart condition and angiogram treatment. Taylor stated that he had had triple bypass surgery in 1991 and that he had had to pass two stress tests before CSX would allow him to return to work.
*475 In its brief before this court, as in its brief before the trial court in support of its motion for a summary judgment, CSX contends that Mrs. Sweeney's claims must fail because Sweeney was not in the "zone of danger." The United States Supreme Court has adopted the "zone of danger" test for claims of negligent infliction of emotional distress under FELA. The Supreme Court has held that actions alleging negligent infliction of emotional distress are cognizable under FELA, provided that the "zone of danger" test is met:
"Under this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not. Railroad employees thus will be able to recover for injuriesphysical and emotionalcaused by the negligent conduct of their employers that threatens them imminently with physical impact."
Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 556, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). It is undisputed that Sweeney was not threatened with imminent physical impact. Sweeney was at least 4,500 feet from the point of impact of the collision, and he was on a train that was not attached to the trains that collided. In addition, no substantial evidence was presented to show that Sweeney feared physical injury. Thus, the summary judgment was properly entered on the claim alleging negligent infliction of emotional distress.
However, Mrs. Sweeney also alleged that CSX negligently assigned Sweeney to the position of locomotive engineer when CSX knew or should have known that he was physically unfit for this position. She also alleged that CSX acted negligently in failing to examine Sweeney, in failing to monitor his condition, in causing the derailment on the day of his death, and in failing to provide a reasonably safe place for him to work.
What constitutes negligence in a FELA action is governed by federal law and does not vary according to state law. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); Southern Ry. v. Roberts, 380 So.2d 774 (Ala.1979), overruled on other grounds by Tidball v. Orkin Exterminating Co., 583 So.2d 239 (Ala. 1991). "The `slight negligence' necessary to support an FELA action is defined as a failure to exercise great care and that burden of proof is much less than the burden required to sustain recovery in ordinary negligence actions." Roberts, 380 So.2d at 776. To support an action alleging negligent assignment, the plaintiff must show that "the employer knew of its employee's injury but nevertheless assigned that employee to unsuitable work, or failed to provide the employee adequate protection from continuing harm." Chatham, 613 So.2d at 346 (citations omitted). "`Whether the assignment was negligent is a question of fact.'" Id.; see also, Hayden v. Consolidated Rail Corp., 107 F.3d 870 (6th Cir. 1997) (holding that Gottshall, supra, does not preclude recovery for heart attacks caused by physical stress or extraordinary non-physical stress).
It is questionable whether CSX met its burden of making a prima facie showing that there was no disputed material fact and that it was entitled to a judgment as a matter of law on claims of negligence and negligent assignment. However, even if CSX had made the required showing, the affidavits submitted by Mrs. Sweeney in opposition to the motion for a summary judgment create a genuine issue of material fact regarding whether CSX acted negligently in assigning Sweeney to the position of locomotive engineer when it knew or should have known that he was physically unfit for this position. The affidavits contain evidence indicating that Sweeney had serious heart problems, that CSX was aware of these problems, and that CSX assigned him to a very stressful position without first determining whether he could perform this job. Therefore, the trial *476 court erred in entering a summary judgment on these claims.
The judgment of the trial court is affirmed as to Mrs. Sweeney's claim of negligent infliction of emotional distress. As to the remaining claims, it is reversed, and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I agree that the zone-of-danger test applies to the claim alleging negligent infliction of emotional distress. However, I would also apply the zone-of-danger test to the claim alleging negligent hiring. Even if CSX was negligent in assigning Sweeney to the position of engineer, there can be no recovery because he was not in a zone of danger and was not threatened with imminent physical impact. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Szymanski v. Columbia Transp. Co. (No. 93-CV-7423) (N.D.Ohio, Jan. 30, 1995) (not reported in F.Supp.); and Barlette v. Consolidated Rail Corp. (No. 92-CV-251S) (W.D.N.Y., Dec. 6, 1994) (not reported in F.Supp.).
THOMPSON, J., concurs.