ROBERTSON, Presiding Judge.
Arthur L. Walker, Jr., appeals from a summary judgment entered by the Jefferson County Circuit Court in favor of the defendant Norfolk Southern Railway Company (“Norfolk”) on two claims arising under the Federal Employers’ Liability Act (FELA) (negligent assignment and negligent infliction of emotional distress) and on a state-law claim alleging fraud. We affirm.
This is the second appeal in this case. See Walker v. Norfolk S. Ry., 700 So.2d 1195 (Ala.Civ.App.1996) (“Walker I”), cert. denied, 700 So.2d 1199 (Ala.1997). Much of the pertinent factual and procedural background was set forth in Walker I:
“After being injured in a work-related automobile accident, Walker was unable to perform his previous job duties; he requested Norfolk to provide him with alternative employment suitable to his physical limitations. Norfolk invited Walker to interview with [W.KJ Bice for a position as an ‘extra board clerk.’ While interviewing for this position on August 24, 1994, it became apparent to Walker that he would be unable to perform the duties required of a clerk. Walker’s attorney later informed Norfolk that Walker would not accept the position.
“On October 16, 1995, Walker sued Norfolk, [Richard S.] Hayth, and Bice, alleging: (1) that during the interview Norfolk had caused him to suffer an aggravation to an existing injury; (2) that Norfolk had negligently inflicted emotional distress upon him by requiring him to interview for the clerk position; (3) that Norfolk, Hayth, and Bice had fraudulently induced him to interview for the position; and (4) that the acts of Norfolk, Hayth, and Bice in regard to the interview constituted outrageous conduct.
“Norfolk, Hayth, and Bice moved the court to dismiss the complaint under Rule 12(b)(6), Ala. R. Civ. P., and under § 6-5-440, Ala.Code 1975.[1] On January 26, 1996, the court dismissed Walker’s complaint, stating:
“ ‘This matter came before the court on the motions to dismiss filed by defendants. During arguments, plaintiff conceded that case is to be dismissed against individual defendants, Richard S. Hayth and W.K. Bice. After review of the pleadings and review of case, motion to dismiss is granted in favor of Norfolk Southern Railway Company; case therefore is dismissed as to all defendants. Costs taxed to plaintiff.’
“Walker appealed. This case was transferred to this court by the supreme *667 court, pursuant to § 12-2-7(6), Ala.Code 1976.
[[Image here]]
700 So.2d at 1196-97. This court affirmed the dismissal as to all claims against Hayth and Bice, and affirmed the dismissal of the outrageous-conduct claim against Norfolk; however, the dismissal of all other claims against Norfolk was reversed, and the cause remanded for further proceedings. 700 So.2d at 1197-98.
After remand, Norfolk answered the complaint, and it filed a motion for a summary judgment after discovery had taken place. That motion was supported by the transcript of Walker’s deposition and Walker’s medical records. Walker filed a response in opposition, supported by transcript excerpts from the depositions of three Norfolk employees; Norfolk then filed the entire deposition transcripts of those witnesses. After conducting a hearing, the trial court entered a summary judgment in favor of Norfolk on all of Walker’s claims. Walker filed a motion for relief from the judgment; however, that motion was denied.
Walker appealed from the summary judgment to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
As a preliminary matter, Norfolk urges affirmance on the basis that this court’s decision in Walker I erroneously concluded that § 6-5-440, Ala.Code 1975, did not require Walker to assert his claims in the pending federal action; it candidly admits, however, that Walker I presented a similar issue, wherein Norfolk’s position was not adopted. We examined whether Walker could assert his claims arising out of the 1994 “re-injury” in a separate action in Walker I, and concluded that he could (700 So.2d at 1197-98); moreover, on Norfolk’s petition for a writ of certiorari, the Supreme Court declined to review this court’s judgment (although this court’s application of § 6-5-440 was asserted as error). Our conclusion that Walker’s claims were properly asserted in the trial court despite the pendency of the federal action was a substantive determination that the causes of action presented in the two actions were not the “same cause of action” under § 6-5-440. That conclusion constitutes the law of the case and is not subject to reexamination on this appeal. See generally Stephens v. Stephens, 718 So.2d 54, 55-56 (Ala.Civ.App.1998) (discussing “law of the case” doctrine). Therefore, the trial court’s judgment cannot be affirmed on the basis that Walker’s claims should have been asserted in the federal action.
We therefore consider the merits of Walker’s appeal from the summary judgment. Our review of that judgment is governed by the following principles:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ. *668 App.1995) (citations omitted). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). No presumption of correctness attaches to a summary judgment, and our review of such a judgment is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
The parties’ summary-judgment submissions reveal the following facts. Walker injured his right knee in a motor vehicle accident in Birmingham on December 14, 1992, while working as a “signal maintainer” for Norfolk. As a result of that injury, Dr. William Clancy performed two surgeries on Walker’s knee in January and April 1993. After these surgeries were performed, Dr. Clancy and a Norfolk-employed medical-management nurse both opined that Walker would not be able to return to manual labor, but would need to work in a light-duty or sedentary job. Norfolk tested Walker to determine whether such a job would be appropriate for him at Norfolk. After testing was completed, Walker was asked to interview for a starting-level position as an “operator” in the chief dispatcher’s office at Norfolk’s Norris Yard, which would have involved sedentary work controlling and coordinating on-track railroad-car movements within a particular remote-control area.
In response to the letter, Walker’s attorney sent a letter to Norfolk advising it that although Walker’s physical ability to perform work was in question, Walker’s attorney had “no problem” with the interview request. Walker’s attorney did, however, request a job description for the operator position. A Norfolk claims agent responded to the attorney’s letter, stating that the operator's job “is basically desk work and would be described as sedentary.” Walker’s attorney thereafter gave his approval for Walker to attend the interview.
On the morning of August 24, 1994, Walker went to the Norfolk office building in Irondale for the interview. Wearing a knee brace and using crutches, Walker climbed a set of stairs to reach the office of Norfolk’s assistant division superintendent. After he had met some of the people in the superintendent’s office, Walker then spent the remainder of the morning with the day-shift operator. From a seated position at a console next to the operator, Walker observed the operator’s work, and he even routed some trains. However, while he was in a normal sitting position, Walker’s knee began to swell; he informed the operator about the swelling, and the operator suggested that Walker get the swelling taken care of. Walker left the building after lunch and went home to treat his knee.
On August 31, 1994, Norfolk offered Walker an opportunity to train as an “extra board clerk,” a position that would have involved sedentary work as an operator and, later, as a dispatcher, a similar position with a different seniority “track.” Although Norfolk had posted no notices of operator job openings, Norfolk’s witnesses testified in their depositions that vacancies existed in that position and that Norfolk’s offer was indeed genuine. However, on November 21,1994, Walker’s attorney sent Norfolk a letter indicating that Walker was “not likely” to be able to “function in a railroad clerical setting,” and he never accepted Norfolk’s job offer.
Walker filed his first FELA action in the federal district court in December 1994, based upon his 1992 knee injury; we have noted, the federal district court entered a summary judgment in favor of Norfolk as to that claim, and that judgment was affirmed by the United States Court of Appeals for the Eleventh Circuit. This present action, arising out of the alleged “aggravation” of his knee injury, was filed after Norfolk had filed its summary-judgment motion in the federal case.
*669 Walker first contends that the trial court erred in entering the summary judgment as to his FELA claim alleging that Norfolk had “negligently assigned” him to the operator position on August 24, 1994, during his interview, so as to “aggravate” his injury. As to that claim, the evidence must show that Norfolk was negligent,[1] that Walker was injured, and that his injury resulted “in whole or in part from the negligence of any of [Norfolk’s] officers, agents, or employees.” 45 U.S.C. § 51 (1993); see also Lyles v. Alabama State Docks Terminal Ry., 730 So.2d 123, 124 (Ala.1998) (plurality opinion) (“To prevail in a FELA action, the plaintiff must prove the traditional common-law elements of negligence: duty, breach of duty, foreseeability, and causation.”).
Norfolk contends that the record does not contain substantial evidence indicating that it was negligent with respect to the events surrounding Walker’s job interview of August 24,1994. It notes that the flareup of pain in Walker’s injured knee undis-putedly occurred while Walker was in a seated position, and that Walker’s physician, Dr. Clancy, had indicated that Walker would be a candidate for retraining in a sedentary job. Walker himself testified that he had not mentioned Norfolk’s interview request to his doctor before interviewing, and that when he interviewed he had no reason to believe that he could not perform such sedentary work. While Walker points to his testimony that he had to climb steps to reach the superintendent’s office, there is no indication in the record that that climb caused his knee to swell,[2] or that that climb was somehow different from the other occasions (numbering 20 or more) on which he had previously climbed the steps to reach the second floor of Norfolk’s Irondale facility. Notably, no evidence in the record indicates that Norfolk could have had notice that employing Walker in a sedentary position for an approximately three-hour period would cause an injury to him. Thus, there is no evidentiary basis creating a genuine issue of material fact concerning whether Norfolk acted negligently in inviting him to interview for the sedentary “operator” job, or in allegedly “testing” his capabilities by having him perform the duties of an operator on the morning of his interview.
The same defect — absence of substantial evidence of negligence — also defeats Walker’s contention that the trial court erred in entering a summary judgment on his FELA negligent-infliction-of-emotional-distress claim. Such a claim is cognizable under FELA under certain very limited circumstances, as the United States Supreme Court has noted: “Railroad employees ... will be able to recover for injuries — physical and emotional— caused by the negligent conduct of their employers that threatens them imminently with physical impact.” Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 556, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) (emphasis added), quoted in Sweeney v. CSX Transp., Inc., 735 So.2d 472, 475 (Ala.Civ.App.1998), aff'd, 735 So.2d 476 (Ala.1999). Here, however, Walker has not demonstrated that Norfolk was negligent in requesting him to interview for, and briefly placing him in, a sedentary job that matched the restrictions imposed by his doctor. Neither has Walker shown that Norfolk is liable to him under FELA for *670 offering him employment in a similar job one week later — not only did that offer not amount to negligent conduct on the part of Norfolk, but Walker has further failed to demonstrate how, under Gottshall, he was “threatened] ... immediately with physical impact” by (or as a result of) that offer. Therefore, we conclude that the trial court correctly entered the summary judgment as to both of Walker’s FELA claims.
 Walker’s final claim is that the trial court erred in entering the summary judgment as to his fraud claim. That claim is based upon Norfolk’s offer of the job of “extra board clerk” on August 31, 1994; that offer, he contends, was a sham, because of the absence of any posted vacancies. To prevail on such a fraudulent-misrepresentation claim, a plaintiff such as Walker must adduce substantial evidence indicating “not only that he or she relied upon [a] misrepresentation, but also that he or she acted upon that reliance.” Liberty Nat’l Life Ins. Co. v. Allen, 699 So.2d 138, 142 (Ala.1997) (emphasis added). Here, even if Norfolk did, as Walker contends, misrepresent that it actually had an open “extra board clerk” position, and Walker “relied” upon the availability of .that position, it is undisputed that Walker took no detrimental action based upon that offer — instead, his attorney indicated that Walker would not be able to perform that position and Walker never took the job offer. As a result, we conclude that Walker did not adduce substantial evidence indicating that he acted upon Norfolk’s alleged misrepresentations in such a way that Walker may recover on his fraud claim.
Based upon the foregoing facts and authorities, the summary judgment in favor of Norfolk is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ„ concur.

" 1 On December 9, 1994, more than 10 months before filing his complaint in the state court, Walker had sued Norfolk in the United States District Court for the Northern District of Alabama, Southern Division, claiming relief under FELA for injuries he had suffered in the automobile accident. The federal court entered a summary judgment in favor of Norfolk on December 19, 1995. The United States Court of Appeals for the Eleventh Circuit affirmed the district court’s judgment. See Walker [v. Norfolk S. Ry.], 100 F.3d 971 (11th Cir.1996) (per curiam) [(table)].”

. The precise level of negligence actionable under FELA is disputed by the parties. While Walker relies on Chatham v. CSX Transportation, Inc., 613 So.2d 341 (Ala.1993), which uses the formulation "slight negligence,” traceable to the Fifth Circuit’s opinion in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969), we note that the Fifth Circuit overruled Boeing in Gautreaax v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir.1997), a case cited by Norfolk for the proposition that under FELA only "ordinary prudence” is required on the part of a railroad under FELA. However, under the facts of this case, resolution of that legal dispute is not necessary to our decision.

. Walker testified that at some point during the morning of August 24, 1994, he simply began to notice pain and swelling.