MURDOCK, Judge,
concurring in the result.
I agree that this case should be remanded for a new trial, but I disagree with the majority as to the reason that it must be remanded and, therefore, as to the anticipated focus of the proceedings on remand.
In Kmart, Inc. v. Asaro, 751 So.2d 513 (Ala.Civ.App.1999) (“Asaro I”), this court remanded this case to the trial court for a new trial on Asaro’s fraud claim. As this court wrote:
“Asaro’s evidence disclosed that during her attorney’s discussion with Stonecy-pher regarding the worthless check, a compromise was reached by which Kmart would be satisfied with payment through bankruptcy proceedings, forgoing prosecution. And, according to Asa-ro’s evidence, after she had been notified by the district attorney’s office of the issuance of a warrant for her arrest, her attorney had yet another conversation with Stonecypher, who gave her assurance that the issuance of the warrant had been a mistake, and upon which assurance Asaro relied. Nevertheless, Asaro’s arrest ensued. From these facts a jury could have concluded that Asaro established fraud. See, §§ 6-5-101 through 104, Ala.Code 1975.”
751 So.2d at 516. Certiorari review was denied by our Supreme Court in November 1999. This court’s decision in Asaro I constitutes the law of the case and is binding on the parties and upon this court. See Walker v. Norfolk S. Ry., 765 So.2d 665 (Ala.Civ.App.2000).
On remand, the trial court granted Kmart’s motion for a judgment as a matter *797 of law on the basis that Kmart had prosecuted Asaro in compliance with the terms of Alabama’s Worthless Check Act. The essence of Asaro’s fraud claim, however, is that Kmart promised that it would not prosecute her at all for negotiating the worthless check. If Asaro can prove the necessary elements of fraud, as they relate to Kmart’s promise of nonprosecution, the fact that Kmart prosecuted Asaro in strict compliance with Alabama’s Worthless Check Act would not insulate Kmart from liability for that fraud.