Plaintiff William Vernon Crowder appeals from a summary judgment for defendants Correctional Medical Systems, Inc., John Kerr, and Esther Cochran. We affirm.
On December 30, 1985, Crowder, an inmate at the Hamilton Aged and Infirm ("A I") Center, filed a § 1983 complaint against the defendants (42 U.S.C. § 1983 (1976)), alleging that the defendants had violated his civil rights by failing to provide adequate medical care. Crowder contends that he was not adequately protected from contracting tuberculosis.
On February 6, 1985, defendant Cochran, the nursing supervisor at Hamilton A I Center, filed a motion for summary judgment, along with supporting affidavits. In the affidavit, Cochran denied Crowder's contention that she placed inmates in the A I Center knowing that the inmates had communicable tuberculosis. She stated that she had no authority to place persons in the A I Center. Rather, she said the authority rested with the Department of Corrections, which classified persons as unfit for work due to age or condition and then placed them in the A I Center. She also stated that, after having three active tuberculosis cases in one year at the Hamilton A I Center, the Center started testing all new arrivals, beginning in December 1984, and found that at least 25% of those tested showed that they had been exposed to tuberculosis. She further stated that since inmates are transferred around to different Department of Corrections facilities, to county jails and back, and go out on passes and furloughs, and have visitors from all over the state, it is not possible to protect them from communicable diseases.
She also submitted an affidavit that she had originally filed in a related case in the United States District Court. In this affidavit, Cochran outlined the medical histories and treatment of the three inmates suffering from tuberculosis referred to above. She discussed the tests performed on these inmates and the results of the tests. In each case, she stated that the inmates were taken to the Kilby Correctional Facility hospital unit and were returned to Hamilton A I Center only after they were no longer contagious. Cochran's affidavit also indicated ongoing monitoring of possible tuberculosis contagion in cooperation with the State Health Department. All inmates and employees of Hamilton A I Center reportedly underwent *Page 488 
tuberculosis testing in the summer of 1984. She also outlined the sanitation precautions taken at the Hamilton A I Center:
 "[T]he Hamilton facility has been thoroughly disinfected many times; the inmates that were found to have TB, were isolated and removed from the facility when they were just suspected of having TB, we did not wait for a confirmed diagnosis; testing was conducted after each instance and is still being carried out at frequent intervals."
On February 7, 1986, the trial court entered an order setting a hearing on the summary judgment motion for March 12, 1986. On February 10, 1986, Crowder filed a motion for enlargement of time within which to respond. In the motion, Crowder averred that he was "unknowing of the laws in which to fully develop the facts of his claim" and was in the process of obtaining counsel. He also stated that with additional time, he could submit affidavits, witnesses, and medical records which would support his case. On February 18, 1986, defendant Kerr, a physician at the A I Center, also filed a motion for summary judgment with his supporting affidavit. He stated that at all times in his treatment of Crowder, he exercised the standard of care required of him.
On March 11, 1986, the trial court rescheduled the summary judgment hearing for March 18, 1986. On March 17, 1986, Crowder filed another motion for enlargement of time within which to respond, stating that he was not medically fit to attend the hearing. He stated that he did not have the knowledge of the law needed to prepare his case, but that he could prove by medical records and witnesses that the defendants had shown a deliberate indifference to his medical needs.
The record reveals that Crowder never sought any discovery in furtherance of his claim prior to this hearing.
The summary judgment hearing was held on March 18, 1986, at which time defendant Cochran submitted an affidavit stating that Crowder was in fact able to attend the hearing. The trial court entered an order granting summary judgment in favor of all defendants. (It is apparent from the record that the only claims made against Correctional Medical Systems were based upon the alleged negligence of its two employees.)
The issue presented for our review is whether the trial court erred in entering summary judgment against Crowder and whether the trial court abused its discretion in denying Crowder's request for an extension of time within which to respond.
Rule 56 (c), Ala.R.Civ.P., provides that:
 "[A motion for summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
At the summary judgment hearing, the trial court had before it only the pleadings and those affidavits submitted by defendants Cochran and Kerr. Crowder had not submitted any kind of evidence in opposition to the motions for summary judgment. A party may not rely on the allegations of his pleadings alone to support or oppose the motion for summary judgment, but must instead provide the court with at least one of the kinds of evidence called for by Rule 56, and that evidence must set out sufficient facts to indicate a genuine issue for trial. Silk v.Merrill Lynch, Pierce, Fenner, Smith, Inc., 437 So.2d 112,114 (Ala. 1983).
Rule 56 (f), Ala.R.Civ.P., provides:
 "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." *Page 489 
A careful review of the record reveals that Crowder never filed an affidavit stating the reasons for his failure or inability to obtain facts essential to justify his opposition, as mandated by 56 (f). The trial court did not abuse its discretion in denying Crowder another continuance of the summary judgment hearing.
In order to sustain an action under 42 U.S.C. § 1983 for inadequate medical care, a prisoner must show deliberate indifference to serious medical needs. Daniels v. Williams, ___ U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Estelle v.Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hammv. DeKalb County, 774 F.2d 1567 (11th Cir. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). The allegation of a mere disagreement with prison physicians as to what is necessary and proper treatment fails to state a claim for relief. Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). The defendants' supporting affidavits indicate prompt appropriate monitoring and precautions to prevent the spread of tuberculosis, and these affidavits standing uncontroverted, there is no genuine issue of material fact. The trial court did not err in granting summary judgment for the defendants.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, and STEAGALL, JJ., concur.