PER CURIAM.
On March 7, 1994, Tony Fountain, an inmate at the Staton Correctional Facility, filed in the Elmore County Circuit Court a petition for emergency medical treatment. Fountain sought an order from the trial court directing the Department of Corrections (Department) to transport him to a “back specialist” for treatment of an injury he claimed he had received while working on a “prison work detail.”
On April 4, 1994, the Department filed a motion to dismiss Fountain’s petition alleging that the petition “[did] not state any grounds for which relief [could] be granted.” On April 7, 1994, Fountain filed a response, again requesting an examination of his back, contending that his physical condition was in controversy and alleging that the Department’s motion was without merit.
On April 14, 1994, the trial court, without holding an evidentiary hearing, granted the Department’s motion to dismiss and dismissed Fountain’s petition. The trial court further ordered Fountain to pay a filing fee of $115 and directed the Department to withhold 50% of each dollar that Fountain receives through his “Prisoner’s Money on Deposit” account and to pay the same to the clerk of the court when the entire amount has been collected.
On April 21, 1994, Fountain filed a motion, requesting that the trial court set forth the findings of fact and conclusions of law upon which it had based its April 14 decision. This motion was denied on April 22, 1994. Fountain appeals.
An inmate in a state penal facility has a constitutional right to adequate medical treatment. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An evidentiary hearing is warranted in order for the trial court to determine whether an inmate in a state penal facility is receiving adequate medical attention. See Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981). The Department has not favored this Court with a brief in this case as to why Fountain was not entitled to an evidentiary hearing on his petition for emergency medical treatment.
After carefully reviewing the record, we hold that the trial court erred in dismissing Fountain’s petition without holding an evi-dentiary hearing. Therefore, the judgment of the trial court is reversed and this cause is remanded to the trial court to hold an evi-dentiary hearing to determine whether Fountain is receiving adequate medical treatment. Estelle.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.