This is an appeal from an order granting a motion for summary judgment in favor of the Town of Good Hope.
Herston Craig Cofer and his daughter, Michelle Cofer, were injured when their automobile hit a tree which had fallen across the roadway. Pamela Cofer is the wife of Herston Craig Cofer and suffered damages for loss of consortium.
The Cofers filed a complaint, wherein they alleged that the City of Cullman had undertaken to perform water and sewage work adjacent to the roadway, that the City of Cullman was negligent and/or wanton in its performance of the water and sewage work, and that the tree fell as a result of the City of Cullman's conduct. The complaint also alleged that the Town of Good Hope had a duty to remove the tree from the roadway and was negligent and/or wanton in its failure to remove the tree from the roadway. The complaint asserted that the conduct of the City of Cullman and the Town of Good Hope resulted in their injuries.
The Cofers reached a settlement with the City of Cullman and filed a joint motion to dismiss with prejudice the City of Cullman from the action. The motion was granted. *Page 1029 
Thereafter, the Town of Good Hope filed a motion for summary judgment. The Town of Good Hope submitted a brief in support of the motion, a narrative statement of undisputed facts, and the depositions of Herston Craig Cofer, Dwight Johnson, Junior Heaton, and Dave Rodgers.
The Cofers filed a response in opposition to the motion for summary judgment. The Cofers also filed in opposition to the motion for summary judgment the affidavit of Billy Williams, an officer with the Cullman County Sheriff's Department.
Thereafter, the trial court issued an order granting the motion for summary judgment in favor of the Town of Good Hope.
The Cofers appeal. We affirm.
The dispositive issue is whether the trial court committed reversible error when it granted the motion for summary judgment in favor of the Town of Good Hope.
The Town of Good Hope correctly contends that evidence considered by the trial court in granting the motion for summary judgment is not before this court.
We have reviewed the record on appeal and find that it does not contain the four depositions relied upon by the Town of Good Hope in its motion for summary judgment. It is well settled that when the record does not contain all of the evidence before the trial court, it will be presumed that the evidence was sufficient to sustain the trial court's judgment.Berryhill v. Mutual of Omaha Insurance Co., 479 So.2d 1250
(Ala. 1985).
In light of the above, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.