This is a tax case concerning the constitutionality of Ala. Code 1975, § 40-17-150.
In June 1991, the Owner-Operator Independent Drivers Association Inc., et al. (Association) filed a class action challenging *Page 675 
the constitutionality of Ala. Code 1975, § 40-17-150, a provision of Article 3 entitled "Motor Carrier Fuel Tax." The action was filed against James M. Sizemore, Jr., Commissioner of the Alabama Department of Revenue, and other state officials (collectively referred to as Sizemore). Inter alia, the Association alleged that the statute imposed a tax on foreign motor carriers, referred to as a marker tax, which, it alleged, is an unconstitutional burden on interstate commerce and violates the Association's rights under several provisions of the United States Constitution. The Association requested a declaratory judgment holding that § 40-17-150 is unconstitutional and void; a permanent injunction against the collection of the tax; an order directing a refund of previously collected taxes, with interest; and attorney fees and costs.
The Association's motion to escrow the tax proceeds collected, pursuant to the statute, was granted. The trial court also granted class action certification pursuant to Rule 23, A.R.Civ.P. The trial court granted the Association's motion for a partial summary judgment on the issue of liability, and it concluded that the marker tax statute and its enforcement violate the Commerce Clause and the Privileges and Immunities Clause of the United States Constitution, and 42 U.S.C. § 1983. Subsequently, the trial court also granted the Association's motion for a partial summary judgment on the issue of the appropriate remedy, and, inter alia, enjoined Sizemore from collecting the marker tax and awarded the members of the class a refund on marker taxes paid. Ultimately, the trial court made these orders final, pursuant to rule 54(b), A.R.Civ.P. Sizemore appealed.
Sizemore raises several issues on appeal: (1) whether §40-17-150 violates the Commerce Clause of the United States Constitution; (2) whether the marker tax statute violates the Privileges and Immunities Clause of the United States Constitution; (3) whether the trial court erred in certifying this action as a class action; and (4) whether the trial court erred in ordering the tax proceeds held in escrow.
Ala. Code 1975, § 40-17-150, provides for an annual identification marker fee of $12 for certain motor vehicles, including motor vehicles with a capacity for more than 9 passengers and vehicles with more than two axles. Ala. Code 1975, § 40-17-140. A tax on motor carrier fuel used in Alabama is imposed by Ala. Code 1975, § 40-17-141. The proceeds from the marker tax are deposited into the public road and bridge fund. Ala. Code 1975, § 40-17-150(f). Other provisions of the statute address the collection, reporting, and crediting of the tax.
Sizemore first argues that the trial court erred in entering the summary judgment for the Association on its claims that the marker tax violates the Commerce Clause and the Privileges and Immunities Clause of the United States Constitution.
The law regarding summary judgment is well established. A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact. Melton v. Perry County Board of Education, 562 So.2d 1341
(Ala.Civ.App. 1990). Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), A.R.Civ.P. Proof by substantial evidence is required. Ala. Code 1975, § 12-21-12;Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989). The reviewing appellate court must apply the same standard utilized by the trial court when reviewing a summary judgment. Melton, supra. Additionally, the entire record is reviewed in a light most favorable to the nonmovant. Mann v.City of Tallassee, 510 So.2d 222 (Ala. 1987).
A state tax can withstand a Commerce Clause challenge if *Page 676 
 "the tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State."
Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 279,97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977). The Supreme Court has ruled that a flat-rate Pennsylvania marker fee tax, similar to Alabama's, violated the Commerce Clause. American TruckingAssociations, Inc. v. Scheiner, 483 U.S. 266, 107 S.Ct. 2829,97 L.Ed.2d 226 (1987).
The Association presented as evidence an affidavit of Robert N. Fenili, who had performed statistical studies and had determined that the cost of the marker fee tax was 6 times greater for non-Alabama-based carriers than for Alabama-based carriers; thus, he said, the effect of the statute is to discriminate against interstate commerce. Sizemore presented nothing to dispute the discriminatory effect of the marker fee tax. Since there is no genuine issue of material fact as to whether the statute has a discriminatory effect on interstate commerce, the trial court properly entered the summary judgment for the Association on the basis of a Commerce Clause violation. Having determined this, we pretermit discussion of the issue regarding the Privileges and Immunities Clause.
Sizemore next argues that the trial court erred in certifying the action as a class action pursuant to Rule 23, A.R.Civ.P. Rule 23(a) sets out four prerequisites of a class action:
 "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
Rule 23(b) further provides that a class action may be maintained if the prerequisites are satisfied and:
 "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 "(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 "(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."
In order for a trial court to properly certify a class action, all the requirements of Rule 23(a), and one of the requirements of Rule 23(b), must be satisfied. Marshall Durbin Co. of Jasper, Inc. v. Jasper Utilities Board, 437 So.2d 1014
(Ala. 1983). Whether to certify a class action is within the discretion of the trial court. Ex parte Hayes, 579 So.2d 1343
(Ala. 1991).
After reviewing the record, including affidavits and exhibits, we determine that the trial court did not err in certifying this action *Page 677 
as a class action. The record discloses that the plaintiff class may be composed of several thousand members and that the constitutional challenge to the marker tax is common to all members of the class defined by the trial court's order certifying the class. The record does not reveal any evidence that the claims of the class representatives are not typical of the class as a whole, or that the class representatives will not adequately represent the interests of the entire class. Sizemore's argument that the class action is barred on the grounds of sovereign immunity is unpersuasive. Our Supreme Court has determined that a class action was a proper remedy for the "recovery of any taxes which were paid illegally."Thorn v. Jefferson County, 375 So.2d 780, 788 (Ala. 1979).
Sizemore's final contention is that the trial court erred in allowing the disputed tax proceeds to be placed in an escrow account. Sizemore argues that the trial court fashioned a "new remedy" by deeming the payments to be paid under protest and creating an escrow account. He argues that this is a "dangerous precedent" that could permit any Alabama trial court to decide it has the power to suspend tax payments and hold proceeds until its further order.
The Association's motion initially sought a preliminary injunction pursuant to Rule 65(b), A.R.Civ.P., escrowing the proceeds. Sizemore opposed the motion, and, after providing the parties opportunity to present authorities and argument, the trial court ordered that payments made after October 1, 1991, "shall be deemed to be made under protest pursuant to Ala. Code
§ 40-1-11, and such sums so paid shall be held by the State of Alabama, pursuant to Ala. Code § 40-1-12, in an identified suspense account until further order of this Court."
Ala. Code 1975, § 40-1-12 (repealed by Ala. Acts 1992, No. 92-186, § 80, effective October 1, 1992), which was in effect at the time of this action, provided that taxes paid under protest are to be held "in an identified suspense account until it is judicially determined whether the taxes were legally levied and collected." Thus, the statutes in effect at the time of this action expressly permitted the trial court to place the proceeds in an escrow account until a judicial determination was made, and we find no error in the trial court's decision regarding the escrow.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.