RICHARD L. HOLMES, Retired Appellate Judge.
John Marks, an inmate serving a sentence of life without parole at the St. Clair Correctional Facility, filed a petition for a writ of mandamus in May 1994. Marks requested that the trial court issue a writ of mandamus to compel the Department of Corrections (Department) and its health care provider, QuestCare, Inc., to provide surgery for him to repair a ventral hernia.
The trial court issued an order, dated July 5, 1994, wherein it granted the petition for a writ of mandamus. The trial court ordered that the surgery be completed within 30 days from the date of the order.
On July 29, 1994, the Department filed a notice of appeal to this court.
On August 5, 1994, the Department filed an application for a stay, wherein it requested that the order to perform surgery be stayed pending an appeal. Marks filed his opposition to the application for a stay. The application for a stay was denied.
Thereafter, the Department filed a petition for a writ of mandamus, wherein it requested that this court rescind the writ of mandamus granted against the Department by the trial court and issue a writ of mandamus against the trial judge, ordering him to desist from requiring the Department to perform elective surgery on Marks or any other inmate. The Department indicated that the issue was whether the trial judge exceeded the scope of his authority when he granted the writ of mandamus against the Department to perform hernia surgery on Marks. The petition for a writ of mandamus was denied by this court on September 13, 1994.
The Department filed an application for a stay with the Supreme Court of Alabama, which was denied on October 13, 1994.
Surgery to repair the hernia was performed on Marks on October 21, 1994.
In its brief on appeal, the Department states that the issue is whether the trial court improperly granted the writ of mandamus against the Department to perform hernia surgery on Marks. The Department requests that this court reverse the judgment of the trial court.
Our supreme court has previously stated that “if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed.” Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963).
Our supreme court has also stated, “[a] case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights." State ex rel. Eagerton v. Corwin, 359 So.2d 767, 769 (Ala.1977) (emphasis in original). In Eagerton, 359 So.2d at 769, our supreme court also held that “where an event occurs which renders a case moot prior to [an appellate] court considering the appeal it will be dismissed because a decision is not necessary.”
As previously noted, the issue raised in the Department’s brief on appeal is substantially the same issue raised in the Department’s petition for a writ of mandamus, which was denied by this court on September 13, 1994. Additionally, the hernia surgery, which was the subject of the petition for a writ of mandamus granted by the trial court, has already been performed on Marks.
In light of the above, this appeal is due to be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *649 as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
APPEAL DISMISSED.
All the Judges concur.