PER CURIAM.
George Barnes, a state prison inmate, appeals from a summary judgment entered by the Circuit Court of Montgomery County on. his petition for a writ of mandamus to compel the respondents, the Alabama Department of Corrections (“the Department”) and Correctional Medical Services (“CMS”), to transport him to a non-correctional physician for treatment. We affirm.
Barnes filed this action in July 1998. His complaint alleges that from July 1995 to May 1997 he was required to use lime solvent in his assigned institutional work and without breathing protection; that the health-care unit in his correctional institution has been unsuccessful in treating breathing problems and body pain he says resulted from the lack of breathing protection; and that under State Dep’t of Corrections v. Marks, 659 So.2d 647 (Ala.Civ.App.1995), he is entitled to a writ of mandamus requiring the respondents to provide him with what he terms a “free-world appointment,” which one would surmise to be a consultation with a physician not affiliated with the Alabama penal system, at the respondents’ expense. Barnes’s petition was accompanied by two affidavits signed by fellow prisoners; those affidavits generally corroborated his allegations regarding his working conditions and physical problems.
Upon the filing of his complaint, the trial court issued an order for a “special report” to be filed in the case. Both respondents filed special reports in response to *26 Barnes’s allegations, and those reports were treated by the trial court as summary-judgment motions; however, these reports are not contained in the record. Barnes filed an affidavit in response to the respondents’ summary-judgment motions, claiming that his Eighth Amendment rights are violated by the respondents’ alleged “deliberate indifference” to his medical problems, which he alleges are caused by his exposure to the chemical hydrogen chloride (HC1).
The trial court entered a summary judgment in favor of the respondents. In its five-page judgment, the trial court concluded from the applicable case authorities (1) that Barnes had a right to “adequate” medical treatment; (2) that before he could show an entitlement to the relief sought, he would be required to demonstrate that the respondents were acting with deliberate indifference to a serious medical need; (3) that the respondents’ submissions demonstrated that there was no genuine issue of material fact and that they had not acted with deliberate indifference to a serious medical need of Barnes; (4) that Marks was inapposite because it turned on the issue of mootness of the Department’s appeal and not the level of care to which a prisoner is entitled; and (5) that an evidentiary hearing is not required in every case wherein a prisoner alleges inadequate medical care.
Barnes filed an untimely post-judgment motion. On the same day, he filed a timely notice of appeal from the summary judgment. The Alabama Supreme Court transferred Barnes’s appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
In his two-page argument, Barnes cites Kilgore v. Jasper City Bd. of Educ., 624 So.2d 603, 604 (Ala.Civ.App.1993), for the proposition that in reviewing a judgment denying a writ of mandamus, this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. However, Kilgore involved an appeal of a judgment entered after an ore tenus proceeding, rather than a summary judgment. Thus, the proper standard of review in this case is the same as that to be applied to a summary-judgment motion in the trial court:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted); see also Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997).
Barnes’s sole contention is that he was entitled to an evidentiary hearing. He cites Fountain v. State, 648 So.2d 591 (Ala.Civ.App.1994), and Perry v. State Dep’t of Corrections, 694 So.2d 24 (Ala.Civ.App.1997), as demonstrating that the trial court clearly abused its discretion in deciding his case without holding an evidentiary hearing. Because Perry simply cites Fountain for the propositions advanced by Barnes, the holding of Fountain warrants close examination.
Just as this case does, Fountain involved a petition for an extraordinary writ filed by a prisoner seeking to compel transport to a non-correctional physician. In Fountain, however, the trial court dismissed the prisoner’s petition for failure to state a claim upon which relief could be granted (see Rule 12(b)(6), Ala.R.Civ.P.). In reversing the dismissal of the prisoner’s petition, this court cited caselaw dealing *27 with postconviction petitions in criminal cases to support the proposition that an “evidentiary hearing” was “warranted” in order for the trial court to determine the merits of the prisoner’s petition. 648 So.2d at 592 (citing Ex parte Boatwright, 471 So.2d 1257 (Ala.1985), and Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981)).
Neither Boatwright nor Washington involved a mandamus petition in a civil case seeking medical care. In Washington, the Court of Criminal Appeals reversed a judgment of the trial court denying, without a hearing, a habeas corpus petition seeking review of a decision of the Board of Corrections. The Court of Criminal Appeals held that because the petition was unrebutted by the Board, and the trial court was not supplied a “written statement by the factfinders [i.e., the Board of Corrections] as to the evidence relied on and the reasons for the disciplinary action,” an evidentiary hearing was warranted to develop the omitted facts. 405 So.2d at 64. Similarly, in Boatwright, the Alabama Supreme Court, citing a number of appellate opinions in criminal cases, held that where a coram nobis petition is meritorious on its face, a trial court errs in granting a motion to dismiss without holding an evidentiary hearing. Both of these cases are consistent with principles governing a motion to dismiss for failure to state a claim, which tests the sufficiency of a complaint and which may not be granted without a hearing. See Public Relations Counsel, Inc. v. City of Mobile, 565 So.2d 78, 81 (Ala.1990); Lambert v. Alabama Real Estate Comm’n, 479 So.2d 68, 69 (Ala.Civ.App.1985).
However, the respondents’ special reports in this case were treated as motions seeking a summary judgment as to Barnes’s petition. Such a motion “allows the trial court to test the sufficiency of the evidence presented so as to determine whether any real issues exist.” Public Relations Counsel, 565 So.2d at 80 (emphasis added); see also Green v. Nemish, 652 So.2d 243, 244 (Ala.1994) (a dismissal is “different from” and “more difficult to obtain than a summary judgment”). As Sizemore states, when a movant files a motion for a summary judgment that is properly supported, a nonmovant may not rest upon his or her complaint, but must set forth, by substantial evidence, specific facts showing that there is a genuine issue for trial. 671 So.2d at 675. Thus, the summary judgment presented for review in this case differs from the dismissal appealed from in Fountain because it is based upon documentary evidentiary submissions made by the parties to the trial court.
Moreover, to the extent that Fountain ’s requirement of an evidentiary hearing is based upon precedents derived from criminal law, we note that the Court of Criminal Appeals has not required an evi-dentiary hearing in every instance where a post-conviction petition is meritorious on its face. For example, in Williams v. State, 648 So.2d 619 (Ala.Crim.App.1994), that court stated that on remand, the trial court could conduct either an evidentiary hearing or “take evidence by affidavits, written interrogatories, or depositions as provided in Rule 32.9(a), [Ala.R.Crim.P.].” 648 So.2d at 620; accord, Nathan v. State, 689 So.2d 933, 934 (Ala.Crim.App.1995) (trial court need not hold evidentiary hearing on a post-conviction petition if it has facts before it set forth in affidavits, or if it has personal knowledge of the actual facts).[1] These principles parallel Rule 56(c)(3), Ala.R.Civ.P., whereby a summary judgment may be entered “if the pleadings, depositions, answers to interrogatories, ... admissions on file, [and] affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter *28 of law.” In the summary-judgment context, denial of a hearing is not reversible error unless the nonmovant shows prejudice resulting from the trial court’s failure to hold such a hearing. See Short v. Edison Chouest Offshore, Inc., 638 So.2d 790, 793 (Ala.), cert. denied, 513 U.S. 822, 115 S.Ct. 85, 130 L.Ed.2d 37 (1994).
We conclude that Fountain does not impose, in cases wherein a prisoner alleges. in his complaint that he has not received adequate medical attention, a per se procedural requirement that the trial court hold an ore tenus proceeding or a jury trial to receive evidence from the parties involved. The trial court remains free to receive and consider a motion seeking a summary judgment in such a case, and to enter a summary judgment in conformity with the principles of Rule 56(c)(3), Ala.R.Civ.P. Our holding is consistent with the result reached in Crowder v. Correctional Med. Sys., 497 So.2d 486 (Ala.1986), wherein the Alabama Supreme Court affirmed a summary judgment in favor of correctional medical personnel on the basis that the complaining prisoner had failed to rebut a prima facie showing on the part of the defendants that they had provided adequate medical care.
The trial court entered an extensive summary judgment detailing the substance of the parties’ evidentiary submissions in this case. As we have explained at length, a summary judgment may properly be entered in such a case, and it was Barnes’s responsibility to demonstrate that the trial court’s apparent failure to hold a hearing on the respondents’ summary-judgment motions prejudiced him. However, none of the evidence relied upon by the trial court in entering the summary judgment appears in the record. “Where all the evidence is not in the record, it will be presumed that the evidence was sufficient to sustain the verdict or judgment.” Berryhill v. Mutual of Omaha Ins. Co., 479 So.2d 1250, 1251 (Ala.1985) (reviewing summary judgment); accord, Cofer v. Town of Good Hope, 655 So.2d 1028, 1029 (Ala.Civ.App.1995) (same). Thus, Barnes has failed to demonstrate how he has been prejudiced by the trial court’s failure to hold a hearing on the respondents’ summary-judgment motion.
“The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.” Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1993). Because the appellant has not provided this court with the parties’ summary-judgment evidentiary submissions, the trial court’s recital of the undisputed facts in this case stands unimpeached, and we presume that the judgment is supported by the facts. Therefore, the summary judgment in favor of the respondents was correctly entered, and it is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
YATES, J., dissents.

. We note that both of the cases cited in Fountain were decided before the adoption of the Rules of Criminal Procedure.