YATES, Judge,
dissenting.
Because I interpret Fountain v. State, 648 So.2d 591 (Ala.Civ.App.1994), to require a hearing in this case, I must respectfully dissent from the majority opinion. As in Fountain, the inmate in this case petitioned the court for an order requiring the Department of Corrections to transfer him to a non correctional facility for medical treatment. This court held in Fountain that the trial court erred in granting the Department’s motion to dismiss, without first holding an evidentiary hearing to determine whether the inmate was receiving adequate medical attention. Id. The majority distinguishes this case from Fountain, based on the fact that in Fountain the court dismissed the petition for failure to state a claim upon which relief could be granted. In the present case, no motion to dismiss was filed—in fact, no motion was filed by the Depart *29 ment; rather, the court chose to treat as motions for summary judgments special reports that it had ordered. In Crowder v. Correctional Medical Systems, 497 So.2d 486 (Ala.1986), a case relied upon by the majority, the court entered a summary judgment against an inmate on his claim that the prison medical center had failed to provide him with adequate medical care. I note that a hearing was held in Crowder.
I interpret Fountain to require some form of hearing in cases where inmates allege inadequate medical treatment. Because the trial court held no hearing in this case, I must respectfully dissent.