JOHNSTONE, Justice
(concurring in the result in 1981983 and 1982029; but dissenting in 1990855).
I respectfully dissent from the decision in the main opinion to vacate the summary judgment entered in favor of Garrett and against King (as administratrix for Curry) in the unlawful detainer action presently on appeal as case number 1990855 (Paulette King, as administratrix of the estate of Eleanor Curry, deceased, v. Urban Q. Garrett). This decision appears in footnote 1 of the main opinion.
Curry had leased the house and lot from Garrett. The lease executed between Garrett and Curry states, in pertinent part:
“The lessee acknowledges the validity and finality of judgment entered in the 'Circuit Court for Talladega County in CV 98-159 on October 2, 1998, and will hold the same only as a tenant under the terms of this agreement.”
Neither Curry nor King filed any answer to Garrett’s unlawful detainer complaint or any response to Garrett’s motion for summary judgment or offered any evidence in opposition to Garrett’s motion for summary judgment. Rule 56(e), Ala. R. Civ. P., states, in pertinent part:
*98 “When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleadings, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him.” (Emphasis added.)
See Crowder v. Correctional Med. Sys., 497 So.2d 486 (Ala.1986). Thus, this Court cannot validly hold that the trial judge erred in granting the motion for summary judgment.
Moreover, even if the summary judgment in the unlawful detainer action were dependent on the finality of the October 2, 1998, judgment in the earlier and separate ejectment action, that judgment was, and still is, a final judgment between Garrett, Curry, and Curry’s successor King. An explanation „of the ejectment action, which preceded the wrongful detainer action, demonstrates this conclusion.
On April 13, 1998, Garrett sued Curry to eject her from the house and lot on the ground that the property Goldome deeded to Curry was a vacant lot and not the lot with the house. Garrett subsequently moved for summary judgment. Curry responded with an affidavit in which she stated that “the legal description of the property [Goldome] advertised and sold to me was incorrect.”
On October 2, 1998, the trial court entered a “Final Judgment,” which awarded Garrett possession of the property and “granted [Curry] leave of court to resubmit motions to bring in new parties within fifteen (15) days of the date of this judgment, as to which no notice is required to be given to ... Garrett, final judgment having been rendered relative to him, and ... Garrett is dismissed as a party to any proceeding that may relate to third parties.” (Emphasis added.) Garrett and Curry were the only parties to the litigation at the time of this judgment, and therefore no claims were then pending against or by Goldome in this case. Only later did Curry purport to bring Goldome in as a party. Thus, the leave granted by the trial court in no way impaired the finality of the judgment between Garrett and Curry. See Rule 54(b), Ala. R. Civ. P., and Ford Motor Co. v. Tunnell, 641 So.2d 1238 (Ala.1994). Indeed, because the October 2, 1998, judgment adjudicated all claims between all parties before the court on that date, the jurisdiction of the trial court to entertain any other proceedings with other parties in the same case at a later date is questionable at best. Curry did not appeal from the October 2, 1998, judgment. Because that judgment in the ejection action was final, the main opinion is mistaken in vacating the summary judgment in the unlawful detainer action on the rationale that the judgment in the ejection action was not final.
The main opinion, in 1981983 (Goldome Credit Corporation v. Urban Q. Garrett), dismisses the appeal in the ejectment action and, in 1982029 (Ex parte Goldome Credit Corporation), denies the petition for permission to appeal in the ejectment action. I concur in these two results — the dismissal of this appeal and the denial of the petition. Because the dismissal of the appeal and the denial of the petition for permission to appeal eliminate or prevent the appellate jurisdiction of this Court over the ejectment action, however, we are without power to issue directions to the trial court in the ejectment action, as the main opinion purports to do.